IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISAIAH RANSOME, | : | |
| *Plaintiff*, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 20-685 |
| | : | |
| DIANA LOUISE ANHALT, | : | |
| *Defendant*. | : | |

**MEMORANDUM**

JONES, II    J.                                                                                       June 29, 2020

Plaintiff Isaiah Ransome, an inmate incarcerated at SCI Greene, filed this civil action against Judge Diana L. Anhalt of the Philadelphia Court of Common Pleas. For the following reasons, the Court will dismiss the Complaint as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

**I.      FACTUAL ALLEGATIONS**

According to the publicly available docket, Plaintiff was convicted of second-degree murder and other charges in the Philadelphia Court of Common Pleas and sentenced to life imprisonment. *Commonwealth v. Ransome*, CP-51-CR-0005859-2007 (C.P. Phila.). His conviction was upheld on appeal. *Id.* Plaintiff filed a petition for post-conviction relief and was appointed counsel, but counsel filed a no merit letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. Ct. 1988) and a petition to withdraw. *See Commonwealth v. Ransome*, No. 3292 EDA 2017, 2019 WL 7372847, at *1 (Pa. Super. Ct. Dec. 31, 2019). Accordingly, Judge Anhalt issued a notice of intent to dismiss Plaintiff's post-conviction petition and subsequently dismissed it. *Id.*

1

Plaintiff appealed, and the Pennsylvania Superior Court remanded the case for a determination as to whether Plaintiff had received a copy of counsel's letter and petition to withdraw. *Id.* at *2. Judge Anhalt determined that Plaintiff had not received those documents, and they were resent to him. *Id.* Plaintiff was also given additional time to respond. *Id.* Thereafter, and considering the additional developments, the Pennsylvania Superior Court affirmed the dismissal of Plaintiff's post-conviction petition on December 31, 2019. *Id.*

Approximately one month later, Plaintiff filed the instant case by submitting a document titled "Bill in Equity" to the Court that names him as the "grantor/beneficiary, complaintant" [sic] and names Judge Anhalt as the "trustee, defendant." (ECF No. 1 at 3.)[1] This document was filed as the Complaint in this case. Plaintiff alleges that he is the "only owner of the equitable title to the private trust property (which is) case/account # CP51CR00058592007 . . . ." (*Id.*) Plaintiff requests that Judge Anhalt "immediately carry out her fiduciary duties which are; i) to extinguish all of the charges in the trust property, ii) to release the surety/Isaiah Ransome, and to iii) provide the beneficiary with a full accounting of the private trust property/account . . . ." (*Id.* at 4.) Plaintiff attached to his filings documents that were filed in his criminal case.

## II.   STANDARD OF REVIEW

Although Plaintiff has paid the fees to commence this civil action, the Court is still obligated to screen his Complaint pursuant to 28 U.S.C. § 1915A, which requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." In doing so, the Court must dismiss a complaint

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or is "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).  As Plaintiff is proceeding *pro se*, the Court construes his allegations liberally.  *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.  DISCUSSION

Plaintiff's pleading is unclear.  To the extent he intended to pursue civil rights claims against Judge Anhalt pursuant to 42 U.S.C. § 1983, his claims fail.  Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303–04 (3d Cir. 2006) (per curiam).  An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).  Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'"  *Figueroa v. Blackburn*, 208 F.3d 435, 443–44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

Here, Plaintiff appears to be seeking injunctive relief in the form of release from imprisonment and possibly damages from Judge Anhalt, apparently based on her role in his criminal case.  As Judge Anhalt was acting in her judicial capacity while presiding over Plaintiff's case, she is entitled to absolute judicial immunity from those claims.

In any event, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  If Plaintiff seeks to challenge his conviction in federal court, he must do so by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In that regard, Plaintiff should note that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for filing a habeas petition.  *See Crews v. Horn*, 360 F.3d 146, 150 (3d Cir. 2004) (discussing the statute of limitations set forth in 28 U.S.C. § 2244(d)).  Plaintiff should also note that AEDPA also imposes limits on a petitioner's ability to file a "second or successive" habeas petition.  *See Mason v. Myers*, 208 F.3d 414, 417 (3d Cir. 2000) (discussing the limitation on a petitioner's ability to file a "second or successive" habeas petition under 28 U.S.C. § 2254).

The Clerk of Court will be instructed to send Plaintiff forms for filing a habeas petition so that he may file one if he so chooses.  There would be no benefit to construing Plaintiff's current filing as a habeas petition because he has presented only "sovereign citizen" type arguments that do not provide a basis for habeas relief.  *See, e.g.*, *Smithson v. York Cty. Court of Common Pleas*, No. 15-cv-1794, 2016 WL 4521854, at *1–2 & n.1 (M.D. Pa. Aug. 3, 2016), *report and recommendation adopted*, 2016 WL 4523985 (M.D. Pa. Aug. 29, 2016); *see also Britton v. Lanigan*, No. 17-3701, 2017 WL 4284497, at *3 (D.N.J. Sept. 27, 2017) ("Grounds One, Five, and Six are based on indisputably frivolous arguments, such as Petitioner being the beneficiary of a trust and his U.C.C. arguments, that do not provide a basis for habeas relief.").

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Complaint will be dismissed with prejudice as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1).  However, the Clerk of Court will be instructed to send Plaintiff the Court's forms for filing a petition for a writ of habeas corpus in the event he seeks to challenge his state conviction pursuant to 28 U.S.C. § 2254.  To the extent Plaintiff asks to seal this case, his request is denied.  *See Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (noting that the "'strong presumption' of openness does not permit the routine closing of judicial records to the public" and that the "party seeking to seal any part of a judicial record bears the heavy burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure'") (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

An appropriate Order follows.

                                            BY THE COURT:


                                            /s/ C. Darnell Jones, II
                                            C. Darnell Jones, II     J.